Scott E. Gizer, Esq., Nevada Bar No. 12216
  sgizer@earlysullivan.com
Sophia S. Lau, Esq., Nevada Bar No. 13365
  slau@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  ksinclair@sinclairbraun.com
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC., CHICAGO
TITLE INSURANCE COMPANY, and TICOR TITLE OF
NEVADA, INC.

DESIGNATED LOCAL COUNSEL FOR SERVICE OF
PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>               Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., ET AL.,<br><br>               Defendants. | Case No.: 2:21-CV-00452-RFB-VCF<br><br>**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL** |

   Plaintiff Bank of New York Mellon ("BONY") and Defendants Fidelity National Title Group, Inc., Chicago Title Insurance Company, and Ticor Title of Nevada, Inc. (collectively, "Defendants," and with BANA, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:



**WHEREAS**, this is one of several title insurance coverage disputes pending in this district following an HOA foreclosure sale. The majority of cases concern the ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement;

**WHEREAS**, one such matter is on appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"). The parties to that case—whose counsel are also counsel in this action—have been advised that the Ninth Circuit is considering the *Wells Fargo II* Appeal for oral argument sometime in the Summer of 2021;

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the title insurance policy that could potentially affect the disposition of this action, particularly given some of the similarities between the policy at issue in *Wells Fargo II* Appeal and the policy here;

**WHEREAS**, BONY has filed a motion to remand this action to the Eighth District Court (ECF No. 10) and a motion for fees (ECF No. 11);

**WHEREAS**, Defendants' time to oppose the motion to remand, to oppose the motion for fees, and to file responsive pleadings has not yet expired;

**WHEREAS**, because the *Wells Fargo II* Appeal has the potential to resolve certain matters at issue in this case, the Parties stipulate and agree that a stay in this particular case pending the outcome *Wells Fargo II* Appeal is appropriate;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall be **STAYED** pending the issuance of the mandate pursuant to Fed. R. App. P. 41(a) in the *Wells Fargo II* Appeal.

2. Defendants' deadline to oppose BONY's motion to remand this action to the Eighth District Court (ECF No. 10) and motion for fees (ECF No. 11) is hereby **CONTINUED**, and will be reset by mutual agreement of the Parties once the stay is lifted, without prejudice to any arguments that Defendants might assert in opposition to those motions.

3.  To the extent that BONY has served the complaint and summons on any of Defendants, their deadline to file a responsive pleading arising under Fed. R. Civ. P. 12 is hereby **VACATED** without prejudice to any defenses that such Defendants might assert under Fed. R. Civ. P. 12. Defendants' deadline to file responsive pleadings will be reset when the stay of this action is lifted.

4.  The Parties shall submit their proposed schedule to complete briefing on the motion to remand, the motion for fees, and for the served Defendants to file their responsive pleadings within 30 days of when the stay is lifted.

5.  Each of the Parties may request a Fed. R. Civ. P. 26(f) conference at any time 180 days after the order granting this stipulation.

6.  By entering into this stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

7.  Nothing contained in this stipulation will prevent the Parties from propounding and enforcing subpoenas to third parties for the purposes of preserving evidence in the possession of third parties.

Dated:  April 20, 2021                WRIGHT, FINLAY & ZAK

                                      By:  /s/-Lindsay D. Robbins
                                           LINDSAY D. ROBBINS
                                           Attorneys for Plaintiff
                                           BANK OF NEW YORK MELLON

Dated:  April 20, 2021                SINCLAIR BRAUN LLP

                                      By:  /s/-Kevin S. Sinclair
                                           KEVIN S. SINCLAIR
                                           Attorneys for Defendants
                                           FIDELITY NATIONAL TITLE GROUP,
                                           INC., CHICAGO TITLE INSURANCE
                                           COMPANY, and TICOR TITLE OF
                                           NEVADA, INC.

**IT IS SO ORDERED.**

   Dated this 22nd  day of   April       , 2021.

                                      _____
                                      RICHARD F. BOULWARE
                                      UNITED STATES DISTRICT JUDGE



3
**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**